# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION – IN ADMIRALTY

# CIVIL ACTION NO. 7:19-cv-95-FL

| | |
|---|---|
| In the Matter of:<br><br>STEVEN P. TYLEE, Owner of a 2006 22+' Wellcraft Model 232 Coastal, HIN # WELCYA62A606, NC Registration #5496EE, her engine, tackle, apparel, appurtenances, etc.<br><br>For Exoneration from<br>or Limitation of Liability | **JUDGMENT OF DEFAULTS** |

THIS CAUSE having come before the Court on Steven P. Tylee ("Limitation Plaintiff") as Owner of a 2006 22+' Wellcraft Model 232 Coastal, HIN # WELCYA62A606, NC Registration #5496EE, her engine, tackle, apparel, appurtenances, etc. ("Vessel"), Motion for Judgment of Defaults, and the Court having reviewed the record herein, and being otherwise duly and fully advised in the premises, the Court finds pursuant to Rule 55(b) of the Federal Rules of Civil Procedure that:

1. On May 13, 2019, Limitation Plaintiff filed a Complaint for Exoneration from and/or Limitation of Liability, pursuant to 46 U.S.C. §§ 30501 et seq. and Supplemental Rule (F), for any injuries, damages or losses of whatever description arising out of the operation of a Vessel from the voyage of the Vessel on or about August 5, 2018 and an August 5, 2018 incident which occurred on the Atlantic Ocean, a navigable body of water ("Voyage"), the incident referred to in the Complaint.

2. Pursuant to Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, on or about May 17, 2019, the Court duly issued and entered an Order Directing Issuance of Notice, and Restraining Prosecution of Claims. [DE 6]. Further, on or about May 17, 2019, the Clerk of this Court issued notice requiring all persons asserting claims for any and all losses, damages, injuries, deaths, or destruction allegedly as a result of the occurrences and happenings recited in the Complaint, to file their respective claims with the Clerk and serve copies therefore on Limitation Plaintiff's attorney and to answer the allegation of the Complaint herein on or before July 29, 2019 or be defaulted. [DE 7].

3. Notice of said Order was duly given and published in *The Star-News* in Wilmington, North Carolina once a week for four (4) weeks ending on June 13, 2019 as required by the Court and a copy of the Notice to Claimants of Complaint for Exoneration from or Limitation of Liability was mailed to every person known to have made any claim, including all passengers, whether or not a claim was anticipated, against the Vessel or Limitation Plaintiff arising out of the Voyage on which the claims sought to be limited arose. Notice by Limitation Plaintiff was, in all respects, proper.

4. The July 29, 2019 deadline for receipt of claims and answers has expired. From May 17, 2019 to July 29, 2019, Limitation Plaintiff was notified of one potential claim, that of Jeffrey Harrison Land. Land was represented by Jeremy Wilson and Trip Coyne of Ward and Smith, and Andrew Everhart of David and

Associates and counsel for Limitation Plaintiff reports that that claim was fully resolved prior to the expiration of the monition period. As part of the settlement, and pursuant to the Settlement Agreement between Limitation Plaintiff and Land, Land reportedly agreed not to file a claim in this matter. No other claims have been received in this matter and no answers have been filed.

5. An Order on Limitation Plaintiff's Motion for Entry of Default against Non-Appearing Parties was entered on August 27, 2019.

IT IS ORDERED, ADJUDGED AND DECREED that Judgment of Defaults is had as to all claims arising from the Voyage at issue in this limitation action and against all parties having an interest in this matter; that all persons in default are barred, enjoined and restrained from filing, commencing or prosecuting any claim, answer, suit, action or other proceeding of any nature or description whatsoever for or in connection with or on account of, incidental to, or resulting from the Voyage in this or any proceeding relating to the Voyage at issue; that Limitation Plaintiff is exonerated from liability; that Limitation Plaintiff is entitled to the return of and/or relief from the letter of undertaking tendered as security and any other security deposited with the Court in this matter; and the Court hereby ORDERS that this matter is now resolved and closed.

IT IS SO ORDERED this the 30th day of September, 2019.

_____
United States District Court Judge